IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARVIN HARRIS,<br><br>        Plaintiff,<br><br>   v.<br><br>GROUNDS, et al.,<br><br>        Defendants. | Case No.: C 14-1643 CW (PR)<br><br>ORDER OF DISMISSAL WITH LEAVE TO AMEND AND DIRECTING COURT CLERK TO PROVIDE PLAINTIFF WITH BLANK CIVIL RIGHTS FORM |

INTRODUCTION

Plaintiff, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983, alleging the violation of his constitutional rights by employees at SVSP.  His motion for leave to proceed in forma pauperis is granted in a separate order.

DISCUSSION

I. Legal Standard

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).  Pro se pleadings must be liberally construed. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must

allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 if the plaintiff can show that the defendant's actions both actually and proximately caused the deprivation of a federally protected right. Lemire v. Cal. Dept. Corrections & Rehabilitation, 726 F.3d 1062, 1074 (9th Cir. 2013); Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988); Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981).  A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains.  Leer, 844 F.2d at 633.  Under no circumstances is there respondeat superior liability under § 1983.  Lemire, 726 F.3d at 1074.  Or, in layman's terms, under no circumstances is there liability under § 1983 solely because one is responsible for the actions or omissions of another.  Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); Ybarra v. Reno Thunderbird Mobile Home Village, 723 F.2d 675, 680-81 (9th Cir. 1984).  A supervisor may be liable under § 1983 upon a showing of (1) personal involvement in the constitutional deprivation or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation.  Henry A. v. Willden, 678 F.3d 991, 1003-04 (9th Cir. 2012) (citing Starr v. Baca, 652 F.3d 1202, 1207 (9th Cir. 2011)).

II. Plaintiff's Allegations

The complaint alleges that Defendants have written false reports regarding several of Plaintiff's criminal convictions and Plaintiff's psychological symptoms. The complaint also alleges that Plaintiff is being served bad food such as mushrooms and onions, bell peppers and turkey sausage, pears and rice krispies. Plaintiff also alleges that he was deprived of his property, but does not specify the property or who took it.

These sparse allegations are insufficient to state a cognizable claim for relief.

Allegations of lying and making false statements constitute state law claims for defamation, libel and slander that are not cognizable as civil rights claims under section 1983. See Cornejo v. County of San Diego, 504 F.3d 853, 855 n.3 (9th Cir. 2007); Freeman v. Arpaio, 125 F.3d 732, 738 (9th Cir. 1997) (recognizing that verbal harassment and abuse fail to state a claim cognizable under 42 U.S.C. § 1983), overruled in part on other grounds by Shakur v. Schriro, 514 F.3d 878, 884-85 (9th Cir. 2008). Therefore, any claims based making false statements, either verbally or in writing, are dismissed. Dismissal is with leave to amend for Plaintiff to allege a constitutional violation, if he truthfully can do so.

Plaintiff's allegations that he is being served "bad" food do not state a claim for relief. There may be a claim for deliberate indifference to Plaintiff's serious medical needs that could be based on such allegations but it would require additional allegations that Plaintiff was allergic to certain foods or was on a health-related diet that did not include these foods, that defendants knew these facts, but served him the offending food

anyway. Therefore, any claim based on the food Plaintiff was served is dismissed with leave to amend.

Plaintiff has also not stated a cognizable claim based on being deprived of his unspecified property. The Takings Clause of the Fifth Amendment provides that "private property [shall not] be taken for public use without just compensation." U.S. Const. amend. V. It applies to the states through the Due Process Clause of the Fourteenth Amendment. <u>Schneider v. California Dep't Of Corrections</u>, 151 F.3d 1194, 1198 (9th Cir. 1998). To state a claim under the Takings Clause, a plaintiff must first demonstrate a constitutionally protected property interest. <u>Ward v. Ryan</u>, 623 F.3d 807, 810 (9th Cir. 2010); see <u>Schneider</u>, 151 F.3d at 1201 (California prisoners have a constitutionally protected property interest in any interest earned on funds deposited in their Inmate Trust Accounts). However, because Plaintiff's allegations do not specify the property that was taken, who took it and under what circumstances, they fail to state a claim for relief.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims based on false reports, bad food and the taking of his property are dismissed with leave to amend.

2. Within twenty-eight (28) days from the date of this Order, Plaintiff may, but is not required to, file an amended complaint to cure the deficiencies noted above, if he truthfully can do so. Plaintiff shall use the court's civil rights complaint form, a copy of which is provided herewith, and include in the caption both the case number of this action, No. C 14-1643 CW (PR), and the heading "AMENDED COMPLAINT." Because an amended complaint completely replaces the original complaint, Plaintiff

4

must include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the original complaint by reference. Failure to amend within the designated time will result in the dismissal of this case.

    3. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address by filing a separate paper with the Clerk headed "Notice of Change of Address," and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

    4. The Clerk of the Court shall provide Plaintiff with a blank civil rights complaint form.

    IT IS SO ORDERED.

Dated: 6/5/2014

CLAUDIA WILKEN
UNITED STATES DISTRICT JUDGE